# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JULIE CALI, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                     **NO. 23-1605-BAJ-RLB**

**COLGATE-PALMOLIVE**
**COMPANY, ET AL.**

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

     Signed in Baton Rouge, Louisiana, on February 29, 2024.

     **RICHARD L. BOURGEOIS, JR.**
     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIE CALI, ET AL.                          CIVIL ACTION

VERSUS                                      NO. 23-1605-BAJ-RLB

COLGATE-PALMOLIVE
COMPANY, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Julie Cali's ("Plaintiff") Motion to Remand, which has been opposed by defendant LTL Management, LLC ("LTL"). (R. Docs. 9, 17). Also before the Court is Plaintiff's reply to LTL's opposition and LTL's sur-reply. (R. Docs. 20, 23).

I.      **Background**

On March 11, 2021, the original petition (the "Original Petition") for the captioned case was filed by Plaintiff in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (R. Doc. 1-1 at 2). Plaintiff alleged she was harmed by "injurious levels of asbestos from Talc" in baby powders purchased by her mother. (R. Doc. 1-1 at 2, 5). The baby powders had been purchased from many stores, one allegedly being K&B Louisiana Corporation ("K&B"). (R. Doc. 1-1 at 5). K&B, the sole non-diverse defendant, filed a Peremptory Exception of No Cause of Action on May 5, 2021. (R. Doc. 1-1 at 358). On September 3, 2021, Plaintiff filed an Omnibus Response to K&B, Pfizer, and Johnson & Johnson Defendants' Dilatory and Peremptory Exceptions. (R. Doc. 1-2 at 360). Plaintiff's Motion to Remand indicates that this issue was still pending at the time of the removal. (R. Doc. 9-1 at 9).

As for the diverse defendants, all were dismissed by September 9, 2021, except for Colgate-Palmolive Company; Cyprus Amax Minerals Company ("Cyprus"); Johnson & Johnson; Johnson & Johnson Consumer Inc.; Pfizer, Inc.; Whittaker Clark & Daniels, Inc. ("Whittaker");

Brenntag Specialties, LLC ("Brenntag");[1] and Insight Pharmaceuticals, LLC ("Insight").[2] (R. Docs. 1-1 at 209; 1-2 at 32, 307, 309, 312, 313, 315, 318, 319, 324, 326, 327, 329, 330, 332, 353, 356, 358). When Plaintiff filed an amended petition almost two years later, only Johnson & Johnson Consumer Inc.; Johnson & Johnson; LTL; Janssen Pharmaceuticals, Inc.; Kenvue Inc.; Cyprus; Whittaker; Colgate-Palmolive Company; Pfizer, Inc.; Target Brands, Inc.; Target Corporation; and Yves Saint Laurent America, Inc., were referred to as defendants. (R. Doc. 1-3 at 242, 243, 249, 250, 259). Insight and Brenntag were not mentioned,. (R. Doc. 1-3 at 243, 246).

On October 18, 2023, K&B filed a suggestion of bankruptcy. (R. Doc. 1-3 at 272, 281). Two days later, Plaintiff filed a motion to dismiss K&B, and K&B was dismissed on October 25, 2023. (R. Doc. 1-3 at 327, 328). Twenty-seven days after Plaintiff's motion to dismiss and more than two and a half years after the Original Petition, LTL removed the action on November 16, 2023. (R. Doc. 1). LTL asserted that it was unnecessary to obtain Cyprus or Whittaker's consent, as both were in bankruptcy, and attached the consents of Pfizer, Inc.; Colgate-Palmolive Company; Johnson & Johnson; Johnson & Johnson Consumer, Inc.; Janssen Pharmaceuticals, Inc.; and Kenvue, Inc. (R. Docs. 1, 1-5). LTL made no mention of Target Brands, Inc.; Target Corporation; Yves Saint Laurent America, Inc.; Brenntag; or Insight. (R. Doc. 1). Plaintiff filed her motion to remand on November 30, 2023. (R. Doc. 9).

[1] Throughout the entire case, Plaintiff never dismissed Brenntag, but on May 13, 2021, Plaintiff's Stipulation to Bifurcate Plaintiff's Successor Liability Claim against Brenntag Specialties, Inc., ("BSI") was granted. (R. Doc. 1-2 at 29). While "Inc." is used in the stipulation, this Court assumes Plaintiff is referring to "Brenntag Specialties, LLC." The stipulation states "the only claim that Plaintiffs[] have asserted against BSI . . . is a successor liability claim by which Plaintiffs claim that BSI is the successor-in-interest to Whittaker[.]" (R. Doc. 1-2 at 26). Plaintiff's claim against Brenntag may only proceed after the asbestos trial and any appeals conclude. (R. Doc. 1-2 at 26).

[2] Insight was substituted for defendants Insight Pharmaceuticals Corporation and Prestige Consumer Healthcare, Inc., on May 17, 2021. (R. Doc.1-2 at 37, 38). On the same day, Insight filed its own answer in response to the Original Petition. (R. Doc. 1-2 at 44). On August 2, 2021, Insight Pharmaceuticals Corporation and Prestige Consumer Healthcare, Inc., were dismissed but Insight remained. (R. Doc. 1-2 at 329, 330, 342, 343, 344, 345).

## II.    Law and Analysis

For the following reasons, this Court recommends remand on the basis[3] that LTL's

removal is untimely and in violation of U.S.C. § 1446(c)(1). U.S.C. § 1446(c)(1) states that a

"case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1

year after commencement of the action, unless . . . the plaintiff has acted in bad faith in order to

prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "Courts determine bad

faith on a case-by-case basis, in the context of the general rule that removal jurisdiction is to be

strictly construed in favor of remand." *Smith v. Wal-Mart Stores Texas, LLC,* No. CV H-21-179,

2021 WL 4228902, at *4 (S.D. Tex. Apr. 9, 2021) (citing *Boney v. Lowe's Home Centers LLC*,

No. 3:19-CV-1211-S, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019) (quotation marks

omitted). To determine whether a plaintiff has acted in bad faith, "the question is what motivated

the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a

defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F. 3d 287, 293 (5th Cir.

2019) (emphasis in original) (citing 28 U.S.C. § 1446(c)(1)). Some factors to consider when

assessing bad faith are "the timing of the dismissal relative to the one-year bar, the plaintiffs'

half-hearted pursual of the claim, and whether the plaintiffs had received consideration for their

dismissal of the nondiverse defendant." *Flores v. Intex Recreation Corp.,* No. 2:20-CV-73, 2020

WL 6385679, at *3 (S.D. Tex. July 2, 2020) (citing *Hoyt*, 927 F. 3d at 292-293). In sum, a

finding of bad faith requires a "transparent attempt to circumvent federal jurisdiction." *H & E*

*Equip. Servs., Inc. v. URS Corp. Architecture, P.C.*, No. 18-690, 2018 WL 7625357, at *3 (M.D.

La. Dec. 21, 2018) (citing *Williams v. Mor-Tem Risk Mgmt. Servs., Inc.*, No. 11-1408, 2012 WL

---

[3] Because the Court is recommending remand based on the untimely removal, this Report and Recommendation is not addressing whether properly joined and served defendants that are later omitted from an amended petition are considered dismissed under Louisiana law such that consent to removal is no longer necessary.

1014752, at *5 (W.D. La. Mar. 22, 2012)). "Satisfying the requirements for § 1446(c)(1)'s bad faith exception is . . . a 'high burden' because 'courts are reluctant to find . . . bad faith without clear and convincing proof.'" *Howard v. Winn-Dixie Montgomery, LLC,* No. 23-CV-02384, 2023 WL 8065017, at *2 (E.D. La. Nov. 21, 2023) (citation omitted). While "the determination of bad faith is left to the discretion of the district court, 'the exception to the bar of removal after one year is limited in scope[.]'" *Id.*

Plaintiff argues remand is necessary because LTL's removal was brought in violation of U.S.C. § 1446(c)(1) as Plaintiff's actions reveal no bad faith as she only dismissed K&B due to its bankruptcy. (R. Docs. 9-1, 20). LTL argues its removal did not violate of U.S.C. § 1446(c)(1), because Plaintiff's delay in dismissing K&B and failure propound discovery on K&B demonstrates bad faith. (R. Docs. 17, 23).

After a review of the record, this Court does not find Plaintiff's actions were a 'transparent attempt' to thwart federal jurisdiction. *Williams,* 2012 WL 1014752, at *5. Plaintiff commenced this action on March 11, 2021, and did not move to dismiss K&B until October 20, 2023, more than two and a half years after the Original Petition was filed. (R. Docs. 1-1 at 2; 1-3 at 327). Numerous courts within the Fifth Circuit have found no bad faith where plaintiffs dismissed non-diverse defendants more than a year after the one-year removal deadline. *Fruge v. Burlington Res. Oil & Gas Co. L P,* No. 2:14-CV-02382, 2015 WL 4131353, at *3–4 (W.D. La. Mar. 30, 2015), *aff'd sub nom. Fruge v. Burlington Res. Oil & Gas Co. LP,* No. 2:14-CV-2382, 2015 WL 4134992 (W.D. La. July 7, 2015) (The court found most "persuasive the fact that the plaintiff's voluntary dismissal came not immediately after the time-limit had run but over one year after that."); *Howard,* 2023 WL 8065017, at *2-3. (Court remanded when a defendant removed nearly two years after the action commenced and the removable amount-in-controversy was revealed in expert reports submitted in compliance with the scheduling order deadline);

*Boney,* 2019 WL 5579206, at *2 (citations omitted) (When a plaintiff "did not plead damages until one year after the removal deadline," there was no bad faith); *LeBlanc v. Crowley Marine Servs., Inc.,* No. CV 20-00049, 2020 WL 8176124, at *4 (W.D. La. Oct. 15, 2020), *report and recommendation adopted sub nom. LeBlanc v. Crowley Marine Serv. Inc.,* No. 2:20-CV-00049, 2021 WL 147074 (W.D. La. Jan. 14, 2021) "We do not find anything suspicious about the timing of plaintiffs['] amended complaint and do not find that it was done in bad faith in order to prevent removal. There was a significant gap between the one-year removal deadline and plaintiffs' amendment—one year and three months."). Considering Plaintiff's long delay in dismissing K&B; Plaintiff's assertion that she dismissed K&B due to its bankruptcy; Plaintiff's early opposition to K&B's exceptions and lack of ruling by the trial court; and the record, this Court finds nothing suspicious about the timing of Plaintiff's motion to dismiss. (R. Docs. 1-1 at 360; 1-3 at 272, 273, 274, 281, 327, 328; 9-1). Rather, Plaintiff's timing supports remand.

As for whether Plaintiff's lack of discovery propounded on K&B disallows remand, this Court finds it does not. In cases where a lack of discovery played a role in the existence of bad faith, other suspicious behaviors accompanied the lack of discovery—behaviors that are not present here. *Guerrero v. C.R. England, Inc.,* No. 7:23-CV-00053, 2023 WL 3480903, at *3 (S.D. Tex. May 16, 2023) (In addition to propounding no discovery, plaintiffs "admit neither forum Defendant did anything wrong in causing the accident.");[4] *Walters v. Ford Motor Co.,* No. 1:19-CV-040-C, 2019 WL 13194608, at *2 (N.D. Tex. May 15, 2019) (In addition to propounding no discovery, plaintiff "only attempted to serve [the non-diverse defendant] once [and dismissed it] twelve days after the one-year removal deadline[.]"); *In re Propulsid Prod. Liab. Litig.,* No. MDL 1355, 2007 WL 1668752, at *1 (E.D. La. June 6, 2007) (In addition to

---

[4] While Plaintiff attested she had not heard of K&B, she did not state it is free from liability. (R. Doc. 17-3 at 3). Plaintiff was merely unaware of names of the stores her mother purchased baby powder from. (R. Doc. 17-2 at 48).

propounding no discovery, plaintiff "has not given any justifiable reason for dismissing these non-diverse Defendants over three years after suit was filed."); *Flores v. Intex Recreation Corp.,* No. 2:20-CV-73, 2020 WL 6385679, at *3-4 (S.D. Tex. July 2, 2020) (In addition to propounding no discovery, plaintiffs "never—for over a year—sought a default judgment against Kobus for failure to answer the petition."). Furthermore, none of these cases involve a situation similar to this one, where the dismissal of a defendant only occurred two days following the defendant's notice of bankruptcy. (R. Doc. 1-3 at 272, 281, 327, 328).

In addition, at the time of the dismissal, K&B had asserted a Peremptory Exception of No Cause of Action which was opposed by Plaintiff but was still pending in the state proceeding. (R. Doc. 1-2 at 360). The state court had not yet determined whether the Plaintiff's claims survived the pleading stage. (R. Doc. 9-1 at 9). Therefore, this Court does not find Plaintiff's lack of discovery while a dispositive motions is pending to be "clear and convincing proof" of bad faith in this case.

The record supports Plaintiff's position that she dismissed K&B as a result of its bankruptcy and this Court finds no evidence of bad faith. Therefore, this Court recommends the case be remanded to state court.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 9) be **GRANTED**, allowing **REMAND** to the 19th Judicial District Court for East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 29, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

7