UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIE CALI                                           CIVIL ACTION

VERSUS

COLGATE-PALMOLIVE COMPANY         NO. 23-01605-BAJ-RLB
ET AL.

RULING AND ORDER

Before the Court is Plaintiff's **Motion To Remand (Doc. 9)**, which seeks remand to the 19th Judicial District Court, Parish of East Baton Rouge after the dismissal of the only non-diverse party in this action, Defendant K&B. Defendant LTL Management, LLC (LTL) opposes the Motion, (Doc. 17). LTL contends that although its removal was untimely, this Court should maintain jurisdiction because Plaintiff acted in bad faith by taking steps to avoid the possibility of removal until an opportune time. (Doc. 29-1).

On February 29, 2024 the Magistrate Judge issued a **Report and Recommendation (R&R) (Doc. 28)**, recommending that Plaintiff's Motion to Remand (Doc. 9) be granted. Defendant timely filed an objection to the R&R (Doc. 29), requesting a *de novo* review. It asserts that the Magistrate Judge erred in recommending that the Motion be denied for several reasons, all which rest upon the argument that Plaintiff intentionally evaded federal jurisdiction. For reasons herein, the Court will adopt the **R&R** and Plaintiff's **Motion to Remand (Doc. 9)** will be granted.

Defendant has failed to sufficiently demonstrate that Plaintiff has acted in bad faith in an attempt to prevent the removal of this action. Although the Defendant cites several cases in efforts to support to its arguments, none of the cases accurately apply to the facts presented here. For instance, Defendant relies heavily upon *Hoyt v. Lane Constr. Corp.* 977 F.3d 287 (5th Cir. 2019), arguing that its two-and-a-half-year untimely removal should be upheld because Plaintiff engaged in numerous actions that were indicative of an attempt to manipulate jurisdiction in under 28 U.S.C. §1446(c)(1). In *Hoyt*, the United States Court of Appeals for the Fifth Circuit found that plaintiffs acted in bad faith when they dismissed the defendants just two days after the one-year statutory deadline while possessing knowledge that they lacked evidence to support the claims against the defendants. *See Hoyt* at 292. As the Magistrate Judge has noted in the R&R, 28 U.S.C. §1446(c)(1) provides that:

> [a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than [one] year after commencement of the action, unless . . . the plaintiff has acted in bad faith in order to prevent a defendant from removing this action. (citation omitted). "Courts determine bad faith on a case-by-case basis, in the context of the general rule that removal jurisdiction is to be strictly construed in favor of remand." *Smith v. Wal-Mart Stores Texas, LLC*, No. CV H-21-179, 2021 WL 4228902, at *4 (S.D. Tex. Apr. 9, 2021) (citing *Boney v. Lowe's Home Centers*, LLC, No. 3:19-CV-1211-S, 2019 WL 5579206 at *2 (N.D. Tex. Oct. 29, 2019) (quotation marks omitted). To determine whether a plaintiff acted in bad faith, "the question is what motivated the plaintiff in the past—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt*, 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in the original) (citing 28 U.S.C. §1446(c)(1)).

(Doc. 28 at 4).

In this case, Defendant has failed to meet its burden to provide plausible allegations to support the applicability of the bad faith exception for two reasons: (1)

Plaintiff litigated its case against K&B, and (2) Plaintiff did not engage in settlement negotiations because K&B, petitioned for bankruptcy, barring its ability to do so at this time.

### i.  Bad faith exception does not apply as set forth in *Hoyt*

Defendant contends that the bad faith exception should apply as set forth in *Hoyt* because Plaintiff "made no effort to acquire evidence needed to hold the non-diverse defendant [K&B] liable, which demonstrates that the only purpose in naming [K&B] was in bad faith to prevent removal of this action to federal courts." (Doc. 29-1 at 6). However, this case is distinguishable from *Hoyt* because K&B was dismissed almost three years after the statutory deadline, and dismissal was entered pursuant to K&B's petition for bankruptcy, whereas the defendants in Hoyt were dismissed two days after the statutory deadline and were not facing bankruptcy. (Doc. 28).

Defendant further maintains that the absence of discovery by Plaintiff points to her intention to manipulate jurisdiction by failing to litigate against K&B. However, Defendant minimizes the fact that there was a Peremptory Exception of No Cause of Action pending in the 19th Judicial District Court (Doc. 1-2 at 360). A Peremptory Exception of No Cause of Action is a dispositive motion that challenges the availability of relief requested by a plaintiff against a specific defendant. The Louisiana Court of Appeals for the First Circuit instructs that, "[a] court appropriately sustains the peremptory exception of no cause of action only when. . . the plaintiff has not stated a claim for which he can receive a legal remedy under the applicable substantive law." *Cleaver v. Western Nat. Life Ins. Co.* 185 So.3d 406, 410

(La. App.1. Cir. 2/28/15) (quoting *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La.3/2/99) 739 So.2d 748, 756)). *See also Cleaver v. Western Nat. Life Ins. Co.* 185, So.3d 406, 410 (citing *Robertson v. Sun Life Financial*, 2009-2275 (La.App.1st Cir.6/11/10), 40 So.3d. 507, 511)) (finding "One of the primary differences between the exceptions of no cause of action and no right lies in the fact that a frequent focus in the exception of no cause of action is on whether the law provides a remedy against a particular defendant…"). Plaintiff's reply to the Peremptory Exception of No Cause of Action directly contradicts Defendant's argument. By replying to the Peremptory Exception of No Cause of Action, Plaintiff made an effort to hold K&B liable. Nonetheless, Defendant contends that Plaintiff only replied because of the risk of the dismissal of the lawsuit in its entirety (Doc. 29-1 at 9). As previously noted, the state court has yet to rule on K&B's Motion. However, Plaintiff's response would signal that she believes she has a viable cause of action against K&B. Thus, Plaintiff's past act of opposing the Motion undercuts Defendant's claims of Plaintiff's possible idleness.

In further support of its argument, Defendant asserts that the Magistrate Judge erred by concluding that "suspicious behaviors by Plaintiff cannot be inferred from the total absence of discovery in this case." (Doc. 29-1 at 8). Defendant clearly misinterprets the Court's finding and ignores a significant portion of the analysis. Contrary to Defendant's description of the Court's findings, the Magistrate Judge pointedly instructed that "in cases where a lack of discovery played a role in the existence of bad faith, *other suspicious behaviors accompanied a lack of discovery—*

4

behaviors that are not present here." (Doc. 28 at 6) (quoting *Guerrero v. C.R. England, Inc. No.* 7:23-CV-00053, 2023 WL 3480903 at *3 (S.D. Tex. May 16 2023)). (emphasis added). Although the Defendant does not find Plaintiff's reply to the Peremptory Exception of No Cause of Action compelling, the facts show otherwise.

First, Defendant argues that Plaintiff failed to litigate her case. But Defendant also argues that Plaintiff's omnibus opposition to the dispositive motion was not, in fact, indicative of Plaintiff's intent to "actually litigate" against K&B, but rather was an act of bad faith in an attempt to keep K&B as a party to this action. Nevertheless, it is undisputed that at the time of dismissal, that "the state court had not yet determined whether the Plaintiff's claims survived the pleading stage." (Doc. 28 at 7). As the Magistrate Judge noted, Defendant has failed to demonstrate that "Plaintiff's lack of discovery while a dispositive motion is pending [is] 'clear and convincing proof' of bad faith in this case.'" (*Id.*). *See Boney v. Lowe's Home Centers LLC*, No. 3:19-CV-1211-S, 2019 WL 5579206 at *2 (N.D. Tex. Oct. 29, 2019) (quoting *Bucklew v. St. Clair*, Civ. A. No, 3:18-CV-2117-N(BH), 2019 WL 2724067, at *4 (N.D. Tex. May 29, 2019) (explaining that "[I]n general, a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without " 'clear and convincing proof.' ")). (internal citations omitted). *See also Boney*, 2019 WL 5579206 at *2 (instructing that "[t]he burden of showing that Plaintiff acted in bad faith to prevent removal lies with the Defendant.").

As additional support, Defendant relies on *In re Propulsid Products Liability Litigation*, No. MDL 1355, 2007 WL 1668752 (E.D. La. June 6, 2007) to argue that

5

Plaintiff's failure to seek discovery is an indicator of bad faith. Plaintiff's reliance on this case is misguided. The case at first blush appears to mirror the facts before the Court. However, none of the Defendants here were voluntarily dismissed for a suggestion of bankruptcy. Much like the case *sub judice*, Plaintiff dismissed the non-diverse Defendants three and a half years after the action was commenced, and propounded no discovery against Defendants, nor were they deposed. The court found that the "Plaintiff [did not offer] any justifiable reason for dismissing these non-diverse Defendants over three years after suit was filed . . . and that Defendants 'rapidly protected their removal rights by filing a notice of removal two weeks after the last non-diverse defendant was voluntarily dismissed by Plaintiff.'" *Id.* at *1. Because Plaintiff dismissed K&B for the suggestion of bankruptcy, a fact that makes this case distinguishable from *In Re Propulsid Products Liability*, Defendant has failed to prove with clear and convincing evidence that Plaintiff's reason for dismissing K&B was indicative of bad faith.

Relevant here, even if Defendant suspected that Plaintiff's motive was to evade federal jurisdiction, Defendant could have challenged the validity of Plaintiff's claims against K&B by asserting a claim for fraudulent joinder. It did not do so. Nevertheless, "the [C]ourt is not required to 'engage in speculation to interpret the cause of Plaintiff's conduct.'" *Fruge v. Burlington Resources Oil & Gas. Co. LP*, No. 2:14-cv-2382, 2015 WL 4134992 at *2 (W.D. La July 7, 2015) (quoting *Foster v. London*, No. Civ. A. 04-2645, 2004 WL 2496216 at *3 (E.D. La. Nov. 4, 2004)). *See also Fruge v. Burlington Resources Oil & Gas. Co. LP* at *2 (finding that "if the

6

petitions failed to state any causes of action against DNR and the DEQ, Burlington was on notice that Fruge had fraudulently joined the [the defendants]."). Because Defendant here did not bring a claim for fraudulent joinder, it has effectively waived that argument.

Next, Defendant asserts that the lack of any evidence regarding settlement also points to bad faith on the part of the Plaintiff. Defendant attempts to distinguish this case from *Hill v. State Farm Mut. Auto Insurance Co.* No.CV 17-71-BAJ-RLB, 2017 WL 2644259 (M.D. La. May 18, 2017), *report and recommendation adopted*, No. CV 17-71-00071-BAJ-RLB, 2017 WL 2637398 (M.D. La. June 19, 2017). In *Hill*, plaintiff was struck by a minor while inside of her vehicle and sustained injuries. She later settled with defendants after presenting them with her life care plan and economist report. *Id.* at *5. Defendant relies upon *Hill* to point to the lack of financial remuneration between K&B and Plaintiff; however, Defendant's cited authority is inapplicable here because *Hill* did not involve a defendant who was dismissed for a suggestion of bankruptcy.

Defendant also contends that the Magistrate Judge's analysis did not consider any factors apart from timeliness and that it failed to address Plaintiff's alleged failure to prosecute her claims against K&B in state court. (Doc. 29-1 at 11). To support its argument, Defendant relies on *Flores v. Intex Recreation Corp.*, No. 2:20-CV-73, 2020 WL 6385679 (S.D. Tex. July 2, 2020). *See Id.* at *3, in arguing that the Magistrate Judge should have "considered the timing of the dismissal relative to the one-year bar, the plaintiff's half-hearted pursual of the claim, and whether plaintiffs

had received consideration for their dismissal of the nondiverse defendant." However, the Magistrate Judge adequately addressed all three criteria in the R&R and the Court is satisfied with the analysis. (*See* Doc. 28 at 4-7).

Defendant makes a last-ditch effort to attempt to show Plaintiff's bad faith by asserting that there are other bankrupt Defendants that Plaintiff has yet to dismiss from this action. (Doc. 33 at 4). The Court cannot speculate as to why the Plaintiff has elected to not dismiss such parties. However, regarding K&B, Defendant has not overcome its burden of proving that Plaintiff's acts were in bad faith by clear and convincing evidence. More importantly, K&B's petition for bankruptcy could result in a stay of all proceedings against it. Therefore, lack of evidence of a settlement between K&B and Plaintiff is not dispositive. *See* 11 U.S.C.A §362 (a)(1) (explaining that "[w]hen a bankruptcy petition is filed, most judicial actions against the debtor commenced before the filing of the petition are automatically stayed.").

Having conducted a *de novo* review of Defendant's Notice of Removal (Doc. 1), Plaintiff's Motion To Remand (Doc. 9), the Defendant's opposition (Doc. 17), the R&R and Defendant's objections to the R&R (Doc. 29), the Court **APPROVES** the **R&R (Doc. 28)**, and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion To Remand (Doc. 9)** be and is hereby **GRANTED**.

Baton Rouge, Louisiana, this 27th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**